Kenneth E. Keller (SBN 71450) kkeller@ksrh.com
Lori L. Holland (SBN 202309) lholland@ksrh.com
KELLER, SLOAN, ROMAN & HOLLAND LLP
555 Montgomery St., 17th Floor
San Francisco, CA  94111
Telephone:  (415) 249-8330
Facsimile:  (415) 249-8333

Joseph R. Condo (admitted *pro hac vice*) jcondo@condoroccia.com
Michael Bonella (admitted *pro hac vice*) mbonella@condoroccia.com
Joseph R. Klinicki (admitted *pro hac vice*) jklinicki@condoroccia.com
CONDO ROCCIA KOPTIW LLP
1800 John F. Kennedy Boulevard, Suite 1700
Philadelphia, PA  19103
Telephone:  (215) 558-5740
Facsimile: (215) 558-5676

Attorneys for Defendant
IKEA NORTH AMERICA SERVICES, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| BLUESTONE INNOVATIONS LLC, | Case No.: 3:15-cv-05482 SI (and related cases) |
| Plaintiff, | |
| vs. | **STIPULATED MOTION AND [PROPOSED] ORDER FOR ENTRY OF STIPULATED PROTECTIVE ORDER** |
| IKEA NORTH AMERICA SERVICES, LLC, | |
| Defendant. | |
| SEOUL SEMICONDUCTOR COMPANY, LTD. | |
| Intervenor-Defendant. | |
| BULBRITE INDUSTRIES, Defendant, | Related Case No.: 3:15-cv-05478 SI |

| | |
|---|---|
| TECHNICAL CONSUMER PRODUCTS, INC.,<br>     Defendant, | Related Case No.: 3:15-cv-05480 SI |
| PHILIPS ELECTRONICS NORTH AMERICA CORPORATION,<br>     Defendant, | Related Case No.: 3:15-cv-05485 SI |
| WESTINGHOUSE LIGHTING CORPORATION,<br>     Defendant, | Related Case No.: 3:15-cv-05488 SI |

## **STIPULATED MOTION**

The Parties in the above-captioned cases (collectively, the "Parties") negotiated and agreed to a form of protective order to be utilized in this proceeding, which is based on the Northern District of California's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets ("Model Protective Order"). The Parties collectively submit their proposed protective order ("Stipulated Protective Order"), attached hereto as Exhibit A, and move the Court for its entry.

## I.    Good Cause Exists to Enter the Stipulated Protective Order

The Stipulated Protective Order is designed to facilitate the exchange and use of confidential, sensitive, and proprietary information relevant to this proceeding. In this action, sensitive business information relating to the Parties' products, customers and sales is likely to be exchanged. Outside of this litigation, the Parties have endeavored to ensure the confidentiality of their sensitive commercial information. This sensitive commercial information would, if revealed to the public, likely cause competitive injury to the Parties. Without a mechanism to prevent disclosure of competitively sensitive or otherwise confidential information, the Parties lack the necessary assurances that it will be kept private. Therefore, good cause exists to enter the Stipulated Protective Order. *See* Fed. R. Civ. P. 26(c)(1)(G); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (district courts have "broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including but not limited to, trade secrets or other confidential research, development, or commercial information").

## II.     The Stipulated Protective Order is Properly Limited

The Stipulated Protective Order, which is based on the Model Protective Order, is limited in scope, and ensures that only confidential commercial information will be afforded protection from general disclosure.  The Stipulated Protective Order sets high standards for designating information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." (Exhibit A, Stipulated Protective Order §§ 2.2, 2.8).  Moreover, a party may challenge a designation of such information, at which point the parties are obligated to meet and confer in good faith to resolve the issue; should the parties fail to reach a resolution, the Court is to decide if the information warrants protection. (Exhibit A, Stipulated Protective Order § 6).

The Stipulated Protective Order is a necessary tool to facilitate the progress of this litigation while limiting the potential for discovery disputes and the protecting against the dissemination of confidential or sensitive information.  It is not, however, a mechanism by which a party may (or will) issue blanket designations to thwart the other party's, or the public's, access to non-confidential or non-sensitive information.

## III.    Conclusion

Good cause exists to enter the Stipulated Protective Order.  The Parties therefore collectively move the Court for its entry in the above-captioned cases.

Dated:  June 24, 2016                          CONDO ROCCIA KOPTIW LLP


                                               By:  __/s/ Michael Bonella_____
                                               Michael Bonella
                                               Attorneys for Defendant IKEA NORTH
                                               AMERICA SERVICES, LLC

Dated:  June 24, 2016                          KELLER, SLOAN, ROMAN & HOLLAND LLP


                                               By:  __/s/ Lori L. Holland_____
                                               Lori L. Holland
                                               Attorneys for Defendant IKEA NORTH
                                               AMERICA SERVICES, LLC

Dated:  June 24, 2016                     NI, WANG & MASSAND, PLLC


By:  __/s/ Hao Ni_____
     Hao Ni
     Attorneys for Plaintiff BLUESTONE
     INNOVATIONS LLC

Dated:  June 24, 2016                     LATHAM & WATKINS LLP


By:  __/s/ Charles Sanders_____
     Charles Sanders
     Attorneys for Intervenor-Defendant
     SEOUL SEMICONDUCTOR CO., LTD.

Dated:  June 24, 2016                     INTELLECTUAL PROPERTY LAW GROUP LLP
Related Case No.: 4:15-cv-05478-SI


By:  __/s/ Bonnie Wolf_____
     Bonnie Wolf
     Attorneys for Defendant
     BULBRITE INDUSTRIES, INC.

Dated:  June 24, 2016                     THOMPSON HINE LLP
Related Case No.: 4:15-cv-05480-SI


By:  __/s/ Arthur Licygiewicz_____
     Arthur Licygiewicz
     Attorneys for Defendant
     TECHNICAL CONSUMER PRODUCTS,
     INC.

Dated:  June 24, 2016                     FINNEGAN HENDERSON FARABOW GARRETT &
Related Case No.: 4:15-cv-05485-SI           DUNNER, LLP


By:  __/s/ Robert McCauley_____
     Robert McCauley
     Attorneys for Defendant
     PHILIPS ELECTRONICS NORTH
     AMERICA CORPORATION

4

Dated:  June 24, 2016                              MARTIN APC
Related Case No.: 4:15-cv-05488-SI


By:  __/s/ Kevin R. Martin_____
     Kevin R. Martin
     Attorneys for Defendant
     WESTINGHOUSE LIGHTING
     CORPORATION


## CIVIL L.R. 5-1(i) ATTESTATION

I, Lori L. Holland, hereby attest that I have been authorized by counsel listed above to execute on their behalf this **STIPULATED MOTION AND [PROPOSED] ORDER FOR ENTRY OF STIPULATED PROTECTIVE ORDER**.

Dated:  June 24, 2016                 */s/ Lori L. Holland*
                                      Lori L. Holland

**[PROPOSED] ORDER**

Under consideration of the Stipulated Motion for Entry of Stipulated Protective Order, and good cause appearing,

**IT IS HEREBY ORDERED THAT:**

The Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets, which is attached hereto as Exhibit A, shall be entered as the protective order in the above-captioned actions.

**IT IS SO ORDERED.**

Dated:  June _____, 2016

_____
HON. SUSAN ILLSTON
UNITED STATES DISTRICT COURT

STIPULATED MOTION AND [PROPOSED] ORDER FOR ENTRY OF STIPULATED PROTECTIVE ORDER
Case No.: 3:15-cv-05482 SI

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| BLUESTONE INNOVATIONS LLC, | Case No.: 3:15-cv-05482 SI (and related cases) |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS** |
| vs. | |
| IKEA NORTH AMERICA SERVICES, LLC, | |
| Defendant. | |
| SEOUL SEMICONDUCTOR COMPANY, LTD. | |
| Intervenor-Defendant. | |
| BULBRITE INDUSTRIES, Defendant, | Related Case No.: 3:15-cv-05478 SI |
| TECHNICAL CONSUMER PRODUCTS, INC., Defendant, | Related Case No.: 3:15-cv-05480 SI |
| PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, Defendant, | Related Case No.: 3:15-cv-05485 SI |
| WESTINGHOUSE LIGHTING CORPORATION, Defendant, | Related Case No.: 3:15-cv-05488 SI |

1

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

2.1     <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     <u>Designated House Counsel</u>: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.6     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11     Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12     Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13     Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14     Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15     Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.     SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies,

excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.      DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

4

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify

separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days after receipt of the final transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the

movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this

8

litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Two Designated House Counsel of the Receiving Party, and their staff, (1) who, as to

9

Plaintiff, has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed;

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g) and mock jurors and focus group participants who have executed Exhibit B.

7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or Experts.</u>

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine, as to Plaintiff, if House Counsel is involved, or may become involved, in any competitive decision-making.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks

permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 7 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party objecting to the disclosure to Designated House Counsel or the Expert may file a motion within ten days of the meet and confer to resolve the objection as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking an order . Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert should be prevented, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.   If the objecting party does not move to prevent the disclosure within ten days of the meet and confer regarding the objection, the objecting party has waived the objection and the Designating Party may

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

1   disclose the materials to the Counsel or Expert.

2   In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert

3   shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards

4   proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House

5   Counsel or Expert.

6   8.      PROSECUTION BAR

7   Absent written consent from the Producing Party, any individual associated with Plaintiff who

8   receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall not be

9   involved in the prosecution of patents or patent applications relating to fabrication of LED surfaces,

10  including without limitation the patents asserted in this action and any patent or application claiming priority

11  to or otherwise related to the patents asserted in this action, before any foreign or domestic agency,

12  including the United States Patent and Trademark Office ("the Patent Office").[2] For purposes of this

13  paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting

14  the scope or maintenance of patent claims.[3] To avoid any doubt, "prosecution" as used in this paragraph

15  does not include representing a party challenging a patent before a domestic or foreign agency (including,

16  but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution

17  Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information

18  is first received by the affected individual and shall end one (1) yearafter final termination of this action.

19  10.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
        LITIGATION

20  If a Party is served with a subpoena or a court order issued in other litigation that compels

21  disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY

22  CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

23  (a) promptly notify in writing the Designating Party. Such notification shall include a copy

24  of the subpoena or court order;

25

26  ────────────────

27  [2] It may be appropriate under certain circumstances to require Outside and House Counsel who receive access to "HIGHLY
    CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to implement an "Ethical Wall."

28  [3] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[4]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in

---

[4] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

        3.   make the information requested available for inspection by the Non-Party.

      (c)      If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[5] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.     <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

      When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B), as modified by the Rule 502(d) stipulated order set forth in paragraph 16. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of

---

[5] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court; the parties' agreement is set forth below in paragraph 16.

14.     MISCELLANEOUS

14.1     Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2     Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.4     Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

15.     FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that

the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

16.     PARTIES' STIPULATED RULE 502(d) STIPULATED ORDER

This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Order, if a party (the "Producing Party") discloses information in connection with the pending litigation that the Producing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

This Order protects any disclosure of Protected Information, whether that disclosure is inadvertent or otherwise.

Each party is entitled to decide, in its sole discretion, the appropriate degree of care to exercise in reviewing materials for privilege.  Irrespective of the care that is actually exercised in reviewing materials for privilege, the Court hereby orders that disclosure of Protected Information in discovery conducted in this litigation shall not waive any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

A Producing Party must notify the party receiving the Protected Information ("the Receiving Party"), in writing, that it has disclosed that Protected Information without intending a waiver by the disclosure.  Upon receipt of notification, the Receiving Party shall immediately take all reasonable steps to destroy or return all copies, electronic or otherwise, of such documents or

16

other information, and shall provide a certification that it will cease further review, dissemination, and use of the Protected Information.  The Receiving Party's reasonable steps shall not require the return or destruction of Protected Information that is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes.  Backup storage media will not be restored for purposes of returning or certifying destruction of Protected Information, but such retained information shall continue to be treated in accordance with the Order.

This Order shall be interpreted to provide the maximum protection allowed to the Producing Party by Federal Rule of Evidence 502(d). The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.  However, if for any reason, a Court finds that this Section is inapplicable to Protected Information, then Rule 502(b) will apply in its absence.

Dated:  June 24, 2016                                        CONDO ROCCIA KOPTIW LLP


                                                             By: __/s/ Michael Bonella_____

                                                             Michael Bonella

                                                             Attorneys   for   Defendant   IKEA   NORTH
                                                             AMERICA SERVICES, LLC


Dated:  June 24, 2016                                        KELLER, SLOAN, ROMAN & HOLLAND LLP


                                                             By: __/s/ Lori L. Holland_____

                                                             Lori L. Holland

                                                             Attorneys   for   Defendant   IKEA   NORTH
                                                             AMERICA SERVICES, LLC

Dated:  June 24, 2016                                        NI, WANG & MASSAND, PLLC


                                                             By: __/s/ Hao Ni_____

Hao Ni

Attorneys for Plaintiff BLUESTONE INNOVATIONS LLC

Dated:  June 24, 2016

LATHAM & WATKINS LLP

By:  __/s/ Charles Sanders_____

Charles Sanders

Attorneys for Intervenor-Defendant

SEOUL SEMICONDUCTOR CO., LTD.

Dated:  June 24, 2016

INTELLECTUAL PROPERTY LAW GROUP LLP

Related Case No.: 4:15-cv-05478-SI

By:  __/s/ Bonnie Wolf_____

Bonnie Wolf

Attorneys for Defendant

BULBRITE INDUSTRIES, INC.

Dated:  June 24, 2016

THOMPSON HINE LLP

Related Case No.: 4:15-cv-05480-SI

By:  __/s/ Arthur Licygiewicz_____

Arthur Licygiewicz

Attorneys for Defendant

TECHNICAL CONSUMER PRODUCTS, INC.

Dated:  June 24, 2016

FINNEGAN HENDERSON FARABOW GARRETT & DUNNER, LLP

Related Case No.: 4:15-cv-05485-SI

By:  __/s/ Robert McCauley_____

Robert McCauley

18

Attorneys for Defendant

PHILIPS ELECTRONICS NORTH AMERICA CORPORATION

Dated:  June 24, 2016                              MARTIN APC

Related Case No.: 4:15-cv-05488-SI


By:  __/s/ Kevin R. Martin_____

Kevin R. Martin

Attorneys for Defendant

WESTINGHOUSE LIGHTING CORPORATION


PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: _____ _____

                                        [Name of Judge]
                                        United States District/Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                            [printed name]

Signature: _____
                        [signature]

<u>EXHIBIT B</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I declare under penalty of perjury that I will keep confidential all information I receive through my participation in this exercise.  I agree that, during this exercise and afterwards, I will not disclose any of the information that I receive as a result of my participation.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____